Filed 11/13/23  P. v. Wence CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B327336 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA129956) |
| v. | |
| VICTOR WENCE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Victor D. Martinez, Judge.  Affirmed.

Keith Fox, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————————

Victor Wence appeals from his judgment of conviction of one count of second degree robbery (Pen. Code,[1] § 211). Wence's appellate counsel filed a brief asking this court to proceed under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

On the morning of March 29, 2022, the victim, Darin White, was driving a semi-truck for work. As White was merging onto the freeway, his truck collided with a car occupied by Wence, Abel Rodriguez, and Olivia Sandoval. Wence and his companions got out of their car and approached White's truck.

After opening the driver's door of the truck, Wence punched White in the face. He then pulled a gun from his waistband and demanded White hand over his property. Wence took White's wallet containing his identification card, credit cards, and bank debit card. He also took White's wedding ring, Apple watch and AirPods, work and personal iPhones, keys to his truck and personal vehicle, and the truck's electronic logging device and GPS device. Wence asked White for the personal identification number for his debit card, which White provided. As he was taking the items, Wence pointed the gun at White's chest. Wence told White that he had his information and would kill his family if White called the police.

During the robbery, Wence ripped out the camera located on the truck's dashboard. Before the camera was disabled, however, it recorded images of Wence, Sandoval, and the car that collided with White's truck. After taking White's property, Wence ordered him to lie face down in the truck's sleeper cab. Wence and his companions then left the scene. That same day,

---

[1] Unless otherwise stated, all further statutory references are to the Penal Code.

an unauthorized withdrawal was made from White's bank account.

Later that day, the police located the suspect car in the robbery at a motel. After observing Wence and Sandoval leave the motel, the police detained them. Wence had a BB gun in his waistband. He also was wearing a wedding ring, which White later identified as his own. Sandoval was wearing White's Apple watch on her wrist, and had a backpack containing White's iPhones and AirPods.

The police reviewed surveillance video that showed Wence, Sandoval, and Rodriguez going in and out of a motel room after the robbery. The police located Rodriguez inside that room. During a search of the room, the police found an electronic logging device, a GPS device, and two identification cards with Wence's name. During a search of the suspect car, the police found White's keys to his personal vehicle and a tax document for his employer.

Later that night, the police interviewed Wence after advising him of his rights under *Miranda v. Arizona* (1966) 384 U.S. 436. Wence admitted he was involved in the robbery. According to Wence, he was a passenger in the car when it was hit by White's truck. Sandoval, Rodriguez, and another man were also in the car. Following the collision, all four occupants got out of the car and approached White's truck. Wence punched White in the face and showed him the BB gun. After his companions took White's property, Wence ordered White to lie down in the back of his truck. Wence claimed he took these actions to protect White because his companions would have "snatched [White] out from the truck" otherwise, and he did not want White to get hurt.

3

In an amended information, the Los Angeles County District Attorney's Office charged Wence with one count of second degree robbery (§ 211), one count of making a criminal threat (§ 422, subd. (a)), and one count of grand theft of an access card (§ 484e, subd. (d)). The information alleged that Wence had one prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)), and four prior convictions that made him ineligible for probation (§ 1203, subd. (e)(4)). It further alleged that Wence was armed with and used a knife in the commission of the offenses, had been convicted of other crimes for which consecutive sentences could have been imposed, and had prior convictions that were numerous and increasing in seriousness (Cal. Rules of Court, rule 4.421(a)(2), (a)(7), (b)(2)).

The case was tried to a jury. At the request of Wence's counsel, the trial court instructed the jury on the defense of necessity. The court also instructed the jury on petty theft as a lesser included offense of robbery. The jury found Wence guilty on the second degree robbery count. The jury was unable to reach a verdict on the two remaining counts, and the court declared a mistrial as to those counts.

Wence waived his right to a jury trial on the prior conviction and aggravating factor allegations. In a bifurcated proceeding, Wence admitted the prior strike allegation, and the trial court found the other allegations to be true beyond a reasonable doubt.

On the robbery count, the trial court sentenced Wence to the high term of five years in state prison, doubled to 10 years based on the prior strike conviction. On the People's motion, the court dismissed the remaining counts. Wence was awarded 281 days of custody credit, consisting of 245 days of actual custody

4

credit and 36 days of conduct credit.  Wence filed a timely notice of appeal.

We appointed counsel to represent Wence on appeal.  After an examination of the record, appellate counsel filed an opening brief which raised no issues and requested this court conduct an independent review of the record under *Wende*, *supra*, 25 Cal.3d 436.  On July 28, 2023, we advised Wence that he had 30 days in which to submit a supplemental brief stating any grounds for appeal or arguments he wished for this court to consider.  Wence did not submit a supplemental brief.

We have examined the record and are satisfied Wence's appellate attorney has fully complied with the responsibilities of counsel and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

GRIMES, J.

5